UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENIS CASTANEDA-LOPEZ,

      Petitioner,

v.                                Case No.  2:26-cv-1411-JES-NPM

MARKWAYE MULLIN, et al.,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Denis Castanada-Lopez's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 6).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

### I.   Background

Castanada-Lopez is a citizen of Cuba.  He entered the United States without inspection on December 31, 2023.  (Doc. 1 at 4).  He is currently detained by Immigration and Customs Enforcement at Florida Soft Side South Detention Facility.  (Doc. 1 at 4).

In response to the petition, Respondents acknowledge that Castanada-Lopez is not subject to mandatory detention and note that he is detained under 8 U.S.C. § 1226(a).  They also acknowledge that he is entitled to a bond hearing in immigration court.  (Doc. 6 at 2).

## II.  Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal proceedings[.]"  Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But § 1226 provides additional safeguards, including the right to an individualized bond hearing.  Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  Noncitizens already in the country are treated differently than those seeking entry.  As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality.  In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'"  Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

2

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings." Hernandez Alvarez v. Warden, Fed. Detention Center Miami, Nos. 25-14065, 25-14075, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). The Court summarized its holding in Hernandez Alvarez as follows:

> The text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here.

Id. Because Castanada-Lopez falls squarely within the category containing "aliens who are simply present here," he is entitled to a bond hearing.

The Court will thus order Respondents to either release Castanada-Lopez or bring him before an immigration judge within ten days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.[1] To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006), and Castanada-Lopez's counsel must receive at least 48 hours' notice of the hearing, but

---

[1] Respondents request "a reasonable period of seven days to arrange an individualized bond hearing."  (Doc. 6 at 3).

only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings.  In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing.  Regardless, subjecting Castanada-Lopez to detention without a bond hearing is unlawful.  If Respondents are unable to ensure that Castanada-Lopez timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED:**

1.   Denis Castaneda-Lopez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Within **TEN (10) DAYS** Respondents shall either provide Castanada-Lopez with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.[2]

---

[2] In recent cases in the Middle District of Florida—and despite being ordered to do so—the immigration judge has refused to provide a merit-based bond hearing, determining that he had no discretion to issue a bond.  See e.g., Fernandez Alvarez v. Noem, et al., No. 2:26-cv-313-SPC-DNF (M.D. Fla. Mar. 4, 2026); Nahadian Fard v. Bondi, et al., No. 6:26-cv-157-GAP-RMN, Doc. 23 (M.D. Fla. Feb. 12, 2026).  If the immigration judge in this case reaches the same conclusion or otherwise declines to consider bond, Petitioner must be released.

3.   If Respondents release Castanada-Lopez, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 12, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE